BOERMAN, APPELLANT, *v.* REGISTRAR OF SAN JUAN, RESPONDENT.

APPEAL from a Decision of the Registrar of Property Refusing to Record a Motion.

No. 566.—Decided April 16, 1923.

RECORD OF TITLE—RECORD OF MOTION—FILIATION—DUE PROCESS OF LAW.—A motion to set aside a judgment in an action of filiation rendered in favor of the plaintiff, who acquired thereby a certain joint property right which she recorded in her name and afterwards sold, can not be recorded in the registry under section 91 of the Code of Civil Procedure, for its being recorded would expose the purchaser, who was not a party to the proceedings, to deprivation of his property without a hearing.

The facts are stated in the opinion.
*Mrs. H. Tormes* for the appellant.
The respondent appeared by brief.

MR. JUSTICE FRANCO SOTO delivered the opinion of the court.

Alleging that she was acting under section 91 of the Code of Civil Procedure, Mrs. Charles M. Boerman applied to the registrar of property for the record of a motion praying the district court to set aside a certain judgment which declared Amelia M. Marrero to be a natural ac-

knowledged child of the deceased Charles M. Boerman and as a consequence of which she was allotted a part of a property recorded at folio 104 of volume 63 of Section 1 of the Registry of Property of San Juan.

The registrar denied the record for the reasons stated in the following decision:

"The record requested in the foregoing document is denied because a joint ownership of $3,601 in the property is recorded in the name of Jorge Romany y Delgado who was not made a defendant and is a person distinct from the litigants, and in lieu thereof a cautionary notice is entered for the legal period after considering a copy of the motion made to the court for the annulment of the judgment rendered in the suit."

Not being satisfied with the decision of the registrar, the present appeal was taken.

It is shown by the record that after the joint interest was conveyed to Amelia M. Marrero and recorded in her name in the registry she sold it to Jorge Romany y Delgado by a deed executed on February 4, 1922, before notary José Tous Soto and the said sale was thereafter recorded in the registry in the name of the purchaser. It also appears that the motion sought to be recorded in the registry as notice of the pendency of the action was made in the action of filiation brought in the name of Amelia M. Marrero after judgment had been rendered in favor of the plaintiff, for the purpose of securing the annulment of the said judgment and of all of the proceedings in the said action.

Assuming only for the sake of argument that a motion like the one under consideration is equivalent to a notice of the pendency of an action, yet we do not see the possibility of its being recorded in the registry when the joint interest to be affected by the record as applied for had been conveyed to and was recorded in the name of a person distinct from plaintiff Amelia M. Marrero. This, undoubtedly, would be

contrary to section 20 of the Mortgage Law, which, although its letter seems to refer only to conveyances of ownership, possession or property rights, yet its spirit covers attachments or notices of the pendency of actions authorized by section 91 of the Code of Civil Procedure. On this point our conclusion is supported by Galindo in his commentary on section 20 of the Mortgage Law, which is in part as follows:

" . . . . . . If in a civil or criminal action the attachment of real property is ordered by the court, or its alienation is forbidden in an ordinary action, or the record of a notice of the pendency of the action is decreed, the writ shall not be recorded if the property designated in it does not appear of record in the name of the person against whom the attachment or the prohibition to alienate was directed, or in the name of the defendant, as the case may be; nor shall the transfers of properties be recorded if they are not recorded in the name of the person against whom the suit was brought." 2 Galindo, Mortgage Law, 155.

On the other hand, considering what the record requested means in effect, its result in the judgment would be the cancelation of the record made not only in the name of Amelia M. Marrero, but also of that made in the name of her grantee, Jorge Romany y Delgado, who was not made a party to the proceeding and who could not be affected by the decision of the court in case the motion should be sustained, under the rule that no one can be defeated in an action without being heard; or, what is the same, the purchaser would be deprived of his property without due process of law, which is exactly what section 82 of the Mortgage Law provides against in referring to the manner in which a record or cautionary notice may be canceled and prescribing that neither the one nor the other shall be canceled by virtue of a public instrument, but only by a final order of court, for which it is necessary that the parties who might be af-

fected by the cancelation should be heard. The said section, in so far as pertinent, provides:

"Section 82.—Records or cautionary notices made by virtue of a public instrument can be canceled only by a final order from which no appeal for its annulment or reversal is pending, or by another instrument or authentic document in which the person in whose favor the record or entry may have been made, or his assigns or legal representatives signify their consent to the cancelation.

"Records or entries made under a court order may be canceled only by virtue of final orders of the character mentioned in the first paragraph of this article."

But considering strictly the wording of the motion intended to serve the purpose of a real notice of the pendency of an action, it cannot be deemed as included as such in section 91 of the Code of Civil Procedure, cited by the appellant as authority for its record in the registry, because this is not a case of a real action including all of the parties who according to the registry have an interest in the joint ownership record whose concelation is sought by means of a simple motion.

The appellant contends, however, that grantee Romany is not a third person and insists that the record should have been made. This would lead us to a consideration of the merits of the question and we have no jurisdiction in this appeal to discuss the merits of the case; and under the circumstances we are unable to examine the jurisprudence cited by the appellant wherein the condition of a third person is discussed and examined, inasmuch as it can not be properly applied to the question raised by this appeal.

For the foregoing reasons the decision should be

*Affirmed.*

Chief Justice Del Toro and Justices Wolf, Aldrey and Hutchison concurred.